UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO QUARTERMAN, | Case No. 5:21-cv-1549-AB-MAR |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER DISMISSING THE ACTION |
| SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO, | |
| Respondent. | |

## I.

## **INTRODUCTION**

On September 3, 2021, Petitioner, proceeding pro se, constructively filed[1] a Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to 28 U.S.C. § 2241.  ECF Docket No. ("Dkt.") 1.  For the reasons set forth below, the action is **DISMISSED** with prejudice.

///

///

///

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

## II.

## BACKGROUND

On June 24, 2020, Petitioner was arraigned on two (2) counts of assault by means of force likely to produce great bodily injury (Cal. Pen. Code § 245(a)(4)) with an enhancement for inflicting great bodily injury during the commission of a felony (Cal. Pen. Code §§ 12022.7(a)).  "Hearings," FSB20001936, The People of the State of California vs. Antonio Alexander Quarterman, Superior Court of California, County of San Bernardino, available at https://cap.sb-court.org/ (last visited September 14, 2021).  The charges concern events that allegedly took place on June 11, 2020.  Id. (under "Charges, Dispositions, and Pleas").  Petitioner's criminal proceedings were suspended after the trial court declared a doubt as to Petitioner's competency.  Id. (under "Case Information" and "Events and Hearings").  Petitioner remains detained at West Valley Detention Center in Rancho Cucamonga, California.  Dkt. 1 at 2.

On February 12, 2021, Petitioner constructively filed a habeas petition with this Court ("First Petition").  Quarterman v. California, No. 5:21-CV-338-AB (MAR), 2021 WL 3930314, at *1–2 (C.D. Cal. Aug. 27, 2021), report and recommendation adopted, No. 5:21-CV-338-AB (MAR), 2021 WL 3930318 (C.D. Cal. Sept. 2, 2021).  The First Petition contained a variety of constitutional challenges to Plaintiff's arrest and criminal proceedings.  Id.  On September 2, 2021, the Court dismissed the petition for failure to exhaust state remedies and pursuant to the abstention doctrine.  Id. *2–7.

On the same day, September 2, 2021, Petitioner constructively filed the instant Petition.  Dkt. 1.  Though not entirely clear, the Petition appears to make many of the same arguments from the First Petition, as well as the additional argument that the superior court lacks jurisdiction to try Petitioner because the statute of limitations for his charges has expired.  Id. at 3–5.  Petitioner's statute of limitations claim is not cognizable on federal habeas review.  Furthermore, to the extent Petitioner brings any

1 cognizable claims, the claims appear unexhausted and subject to dismissal pursuant to
2 the abstention doctrine. Therefore, the action must be **DISMISSED**.

### III.
### STANDARD OF REVIEW

The Court may dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; Rule 1(b), Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not [under section 2254]").

### IV.
### DISCUSSION

**A.   PETITIONER DOES NOT STATE A COGNIZABLE HABEAS CLAIM**

   **1.   Applicable law**

To establish that federal habeas relief is warranted, Petitioner must show that there was a violation of the United States Constitution, federal laws, or treaties of the United States. See 28 U.S.C. § 2254(a).

   **2.   Analysis**

Petitioner appears to argue that the superior court is without jurisdiction to try him because the statute of limitations has expired on the crimes he has been charged with. Id. at 3–5. Petitioner only cites California statutes and case law. Id. Accordingly, Petitioner's claim appears to be based entirely on state law and therefore is not cognizable on federal habeas review.

**B.   PETITIONER'S CLAIMS APPEAR UNEXHAUSTED**

   **1.   Applicable law**

Although there is no statutory exhaustion requirement for section 2241 actions, federal courts have imposed a prudential exhaustion requirement. See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). A claim is exhausted when the

1  petitioner has "fairly presented" his claims to the state courts in accordance with the
2  state's procedures, including the California Courts of Appeal and, ultimately, the
3  California Supreme Court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (habeas
4  petitioner must give the state courts "one full opportunity" to decide a federal claim
5  by carrying out "one complete round" of the state's appellate process). "To exhaust a
6  habeas claim properly, a petitioner must present his claim to the state supreme court
7  even if that court's review is discretionary. Because California's established, normal
8  appellate review procedure is a two-tiered system, [the California state inmate-
9  petitioner] was required to exhaust his habeas claims in a petition for review to the
10 California Supreme Court."  Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

**2.    Analysis**

Petitioner admits he has not presented his claims to the California Supreme Court.  Dkt. 1 at 6.  Accordingly, Petitioner's claims appear unexhausted and subject to dismissal.

## C.    THE PETITION APPEARS SUBJECT TO DISMISSAL PURSUANT TO THE DOCTRINE OF ABSTENTION

**1.    Applicable law**

Principles of comity and federalism require federal courts to abstain from interfering with pending state court proceedings.  See Younger v. Harris, 401 U.S. 37, 43–45 (1971).  The Ninth Circuit has held abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding.  Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citing ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)).

"Extraordinary circumstances," may warrant exception to the "fundamental policy against federal interference with state criminal prosecutions." Younger, 401

4

U.S. at 46, 53–54; Brown v. Ahern, 676 F.3d 899, 900–01 (9th Cir. 2012) (holding "abstention principles ... prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." (citing Carden v. State of Mont., 626 F.2d 82, 83 (9th Cir. 1980))).

**2.   Analysis**

Here, like the claims in the First Petition, Petitioner's claims appear to interfere with his ongoing state court proceedings.  See Quarterman v. California, 2021 WL 3930314, at *3.  As this Court explained in Petitioner's First Petition:

> Here, all four (4) Younger abstention criteria are satisfied. First, Petitioner is awaiting trial on his charges and therefore has an "ongoing state judicial proceeding." Second, the resolution of state criminal proceedings clearly implicates important state interests. Third, Petitioner has "an adequate opportunity in the state proceedings to raise constitutional challenges," either at the trial or appellate level, and there appears to be nothing to prevent Petitioner from doing so. Fourth, habeas relief from this Court in the form of release would have the "practical effect" of enjoining the state court proceedings by releasing Petitioner prior to the adjudication of his criminal case.

Quarterman v. California, 2021 WL 3930314 at *3 (internal footnote and citations omitted).  Furthermore, Plaintiff has not alleged in the instant Petition that any extraordinary circumstances warrant federal intervention at this stage.  Accordingly, even if the Petition contained cognizable claims, the claims should be dismissed pursuant to the doctrine of abstention.

///
///
///
///
///
///

## V.

## ORDER

**IT IS THEREFORE ORDERED THAT** Petitioner's Motion is **DENIED** and the Petition is **DISMISSED** with prejudice.

Dated: September 21, 2021

HONORABLE ANDRÉ BIROTTE, JR.
United States District Judge

Presented by:

MARGO A. ROCCONI
United States Magistrate Judge